## GLOVER et al. v. EQUITABLE MORTG. CO. OF KANSAS CITY et al.

### (Circuit Court of Appeals, Fifth Circuit. May 17, 1898.)

### No. 669.

1. CONTRACTS—WHAT LAW GOVERNS.

Complainants, husband and wife, consulted their attorney at Memphis, Tenn., about securing a loan on Mississippi real estate. He advised them to visit the office of a loan company at Vicksburg, Miss., with him, which the husband did. A bargain was struck, and papers drawn, which were sent to Memphis for the wife's signature. The notes were payable in New York, and the money was sent from Vicksburg to Memphis to complainants. The attorney received a commission on loans from the company. *Held*, that the contract was a Mississippi contract, to be construed by the laws of Mississippi.

2. USURY—SOLICITOR'S FEES ON MORTGAGES.

Provision in a deed of trust for the payment of solicitor's fees on default in no way affects the rate of interest thereon.

3. SAME—PROVISION AGAINST TAXATION.

Provisions in a trust deed giving the mortgagee the right to declare the principal due in case of taxation by the state of the deed or debt is not a means of evading the usury law.

Appeal from the Circuit Court of the United States for the Northern District of Mississippi.

The facts are practically conceded to be as found by the trial judge, as follows:

"This suit was originally brought in the chancery court of De Soto county, Mississippi, and removed into this court on the petition of the defendants. The bill of complainants alleges that the contract was executed in the state of Tennessee, and usurious, and to be performed in New York; and, if a New York contract, usurious, and usurious if construed under the laws of the state of Mississippi. * * * The facts in this case are substantially stated as follows: C. C. Glover and wife needed money, and applied to Caldwell & Co., of Memphis, Tennessee, for it, or contemplated doing so. C. C. Glover went to the law office of Mr. A. S. Buchanan, in the city of Memphis, Tennessee, to get him to prepare an abstract of title, and desired to borrow as much as twenty thousand dollars on his and his wife's plantation in De Soto county, Mississippi. Mr. Buchanan suggested to Mr. Glover that he would like to negotiate the loan through the Equitable Mortgage Company for him (Buchanan having no authority for making any loan for said company, or concluding any negotiation at any time in the state of Tennessee, or in the state of New York, or in the state of Mississippi. The extent of his authority was to solicit loans for the Equitable Mortgage Company, for which the company paid him a commission if they approved the loans); that it would be to his (Buchanan's) interest. C. C. Glover thereupon agreed to make application through Mr. Buchanan to the Equitable Mortgage Company at Vicksburg, Mississippi, and expressed himself as being in a hurry to get the money as soon as possible. Mr. Buchanan assured Glover that the Equitable Mortgage Company were very prompt in the transaction of business, and that it would greatly facilitate matters if, instead of correspondence with the company at Vicksburg, Mississippi, he would accompany him to Vicksburg, and there

have a personal conference with the officers or agents of the company, at their office, and discuss with them all the business details, and all the questions arising about the title and the sufficiency of the security. Mr. Buchanan represented to Glover that the trip could be made to effect the purpose of practically closing the loan, and it was for this reason the trip was made to Vicksburg by Mr. Buchanan and Mr. Glover. They left Memphis on Sunday, the 6th day of January, 1889, and arrived at Vicksburg, Mississippi, on the afternoon of the same day. On the following day, Monday, January 7, 1889, they went to the office of the Equitable Mortgage Company in the city of Vicksburg, and submitted to the representatives of said company an abstract of title to the lands situated in De Soto county, state of Mississippi, belonging to Mr. and Mrs. Glover, together with certain affidavits to prove the abstract of title. All of said papers were also submitted to Miller, Smith, and Hirsch, attorneys of said mortgage company. Glover then and there appointed Buchanan his agent, and an application for a loan of twenty thousand dollars was then and there made to the Equitable Mortgage Company by Glover. The mortgage or deed of trust and the notes were all written and prepared then and there, and for the accommodation of Mrs. Glover, though dated and written at Vicksburg, in the state of Mississippi, the deed of trust and notes were sent to Memphis, in the state of Tennessee, and there signed and executed by the complainants to prevent Mrs. Glover from making a trip to Vicksburg, and not for the benefit of the Equitable Mortgage Company. Mrs. Glover knew of her husband's trip to Vicksburg with Mr. Buchanan, and that it was to borrow money. The Equitable Mortgage Company had no office or place of business in the state of Tennessee, and did no business in that state, but had an office and place of business in the state of Mississippi, and did business in said state from 1887 until they failed, in September, or thereabouts, 1893. The notes, as before stated, were written and dated in Vicksburg, Miss., and made payable at the office of said Equitable Mortgage Company in the city of New York, state of New York, and signed by Mr. and Mrs. Glover in the city of Memphis, Tennessee. When this was done, the mortgage was to be delivered to the clerk of the chancery court of De Soto county, at Hernando, then placed upon the records of said court, and delivered to said company at Vicksburg, and when this was done twenty thousand dollars was forwarded to the complainants from Vicksburg, Miss., to Memphis, in the state of Tennessee, and they received that amount."

H. D. Minor and J. W. Buchanan, for appellants.

J. Hirsh, Murray F. Smith, and T. M. Miller, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge, after stating the facts, delivered the opinion of the court.

The circuit court found that the loan in question "was made in the city of Vicksburg, and therefore a Mississippi contract, and not intended as a mere cover for usury, and must be construed under the laws of Mississippi, and is, therefore, not usurious"; and thereupon entered a decree dismissing the complainants' bill. In this finding we concur. The loan company was located in Mississippi, and the property mortgaged was in the same state. The agreement to make the loan on the security offered—the meeting of minds—was in the state of Mississippi, and it is clear from the evidence that the parties intended that it should be a Mississippi contract. Mr. A. S. Buchanan was a mere solicitor, and, while paid by the loan company, appears to have acted in the interest of and for both parties. He certainly was no such agent of the loan company as was authorized to agree to any of the terms of the contract. The fact that the note

and deed of trust dated at Vicksburg, Miss., were executed in Memphis, Tenn., is a circumstance fully explained by the evidence. The loan is not usurious under the laws of Mississippi, because the rate of interest agreed upon was permitted by the laws of that state. The provision in the deed of trust as to the payment of solicitor's fees on default relates to a contingency which in no way affects the rate of interest. Spain v. Hamilton's Adm'r, 1 Wall. 624, 626; Meacham v. Pinson, 60 Miss. 217, 226. The provision with reference to the right of the loan company to declare the unpaid principal due in case of taxation by the state of the deed of trust or debt is also based on a .contingency, and, as we construe the contract, it warranted, in no event, any higher rate of interest than the 10 per cent. stipulated. See Spain v. Hamilton's Adm'r, supra; Dugan v. Lewis (Tex. Sup.) 14 S. W. 1024; Williams' Heirs v. Douglass (La.) 17 South. 805; Gillmour v. Ford (Tex. Sup.) 19 S. W. 442. The decree of the circuit court is affirmed.